IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JUL 3 1 2019

RICHARD L. HARRELL,

    **Plaintiff,**

v.                                          CIVIL ACTION NO. 2:18-cv-353

ANDREW SAUL,
Commissioner,
Social Security Administration,

    **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Richard L. Harrell's ("Plaintiff") objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ACCEPTED** and **ADOPTED**. Plaintiff's Motion for Summary Judgment is **DENIED**, and Commissioner Andrew Saul's ("Commissioner") Motion for Summary Judgment is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge's R&R thoroughly details the factual and procedural history of the case. *See* ECF No. 22 at 2–9. Since at least 2009, Plaintiff has experienced issues related to bipolar disorder, post-traumatic stress disorder ("PTSD"), and attention deficit hyperactive disorder ("ADHD"). *Id.* at 3. Plaintiff reportedly suffered from suicidal thoughts and attempted it at least twice. *Id.* at 3–4. On October 10, 2012, Plaintiff was seen at the Norfolk Crisis Stabilization Program and reported the same problems, as well as a history of high blood pressure ("HBP"). *Id.* at 4. Throughout 2015, Plaintiff received psychotherapy. *Id.* at 6. He went through a mental status exam and appeared overall normal, but did also manifest some impaired concentration, memory, and difficulty sleeping. *Id.* On August 24, 2015, a state

1

agency psychologist found that Plaintiff could perform "simple tasks despite difficulty concentrating due to racing thoughts and periods of dissociation and being easily distracted." *Id.* at 7. On December 18, 2015, another state agency psychologist found that "Plaintiff could perform simple tasks with limited contact with coworkers and the public when considering [his] difficulty concentrating and racing thoughts." *Id.* Later, in 2016, Plaintiff presented in much better condition. *Id.*

On January 14, 2015, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act of 1935, Pub. L. No. 74-271, 49 Stat. 620 ("SSA"). *Id.* at 2. Plaintiff filed his application due to his PTSD, ADHD, bipolar disorder, hyperthyroidism, and HBP. *Id.* On September 2, 2015, Plaintiff's application was denied. *Id.* On December 22, 2015, it was denied again upon reconsideration. *Id.* Plaintiff requested a hearing before an administrative law judge ("ALJ"), and on May 18, 2017, an ALJ conducted such a hearing. *Id.* The ALJ denied Plaintiff's application on August 10, 2017. *Id.* Plaintiff requested the Appeals Council reconsider the decision, but that was denied on April 27, 2018. *Id.* At this point, the ALJ's decision became the final decision of the Commissioner. *Id.*

On July 16, 2018, Plaintiff filed his first complaint for judicial review of the Commissioner's decision. ECF No. 3. On August 15, 2018, Plaintiff filed his First Amended Complaint. ECF No. 5. On October 11, 2018, the Commissioner filed her answer. ECF No. 11. On October 12, 2018, the case was referred to the Magistrate Judge. ECF No. 12. On October 15, 2018, the Magistrate Judge issued an order directing Plaintiff to file a motion for summary judgment and other responsive pleadings among the parties. ECF No. 13. On November 16, 2018, Plaintiff filed his motion for summary judgment. ECF No. 16. On December 14, 2018,

the Commissioner filed her cross-motion for summary judgment. ECF No. 18. On December 28, 2018, Plaintiff filed a rebuttal brief. ECF No. 20. On April 2, 2019, he also filed a notice of supplemental authority. ECF No. 21. On May 24, 2019, the Magistrate Judge issued his R&R denying Plaintiff's motion and granting the Commissioner's motion. ECF No. 22. On June 7, 2019, Plaintiff filed his objections to the R&R. ECF No. 23. On June 21, 2019, the Commissioner filed her response to those objections. ECF No. 24.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The *de novo* requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.* Moreover, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v.*

*Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *Abou-Hussein v. Mabus*, No. 2:09-1998, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010)).

### III. DISCUSSION

#### A. Objection to Magistrate Judge's Finding of Waiver of Appointments Clause Argument

Plaintiff first objects to the Magistrate Judge's finding that he had waived his Appointments Clause challenge. ECF No. 23 at 1–7. Plaintiff argues that the Magistrate Judge erred in finding that he waived this argument because he failed to raise this argument before the ALJ. *Id.* These arguments largely parallel the same arguments Plaintiff made in his motion for summary judgment. *See* ECF No. 17 at 12–21.

The Court agrees with the Magistrate Judge's finding. Generally, non-jurisdictional constitutional challenges, such as the one in this case, are waived if they are not raised during the administrative proceeding. *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 676 (6th Cir. 2018).

Plaintiff relies on *Sims v. Apfel*, 530 U.S. 103 (2000), which held that a plaintiff need not raise an issue before the Appeals Council to preserve it during judicial review. *Id.* at 110. However, the Court in *Sims* specifically limited this holding to the Appeals Council and did not address the exhaustion question at the ALJ stage. *Id.* at 107. This stems from the fact that courts also have their own issue-exhaustion requirement and "[t]he basis for a judicially imposed issue-exhaustion requirement is an analogy to the rule that appellate courts will not consider arguments before trial courts." *Id.* at 108–09. This practice is largely based on the idea that "parties should have an opportunity to offer evidence on the general issues involved in the less formal proceedings before administrative agencies entrusted with the responsibility of fact finding." *Hormel v. Helvering*, 312 U.S. 552, 556 (1941). Therefore, while a plaintiff may not need to

raise an issue before the Appeals Council, it would make sense for the ALJ, as the initial factfinder, to address any and all issues the plaintiff seeks to argue in later proceedings. Accordingly, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has waived his Appointments Clause argument.

## B. Objection to Magistrate Judge's Finding of Substantial Evidence for *Mascio*

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ's findings were supported by substantial evidence. Specifically, Plaintiff objects to the fact that the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace but did not include any specific limitations as is required under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). *Mascio* states that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec'y*, 631 F.3d 1176, 1180 (11th Cir. 2011)).

The ALJ in this case did not ignore Plaintiff's condition; instead he considered these limitations as to concentration, persistence, and pace when he limited Plaintiff to "jobs with only 'occasional contact with coworkers and the general public' and where Plaintiff would engage in only 'simple, repetitive non-production pace tasks in a low-stress environment' and which restricted him from jobs that required following instructions or engaging in mathematical calculation." ECF No. 22 at 27 (quoting R. at 14). Given the ALJ's specific considerations, the Court agrees with the Magistrate Judge that there is substantial evidence to support the fact that the ALJ's findings are consistent with *Mascio*.

Based on a *de novo* review of the filings and the R&R, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The R&R supports all factual findings and the Court finds Plaintiff's objections are without merit.

The Court does not find any legal errors in the Magistrate Judge's findings. Accordingly, the Court concludes that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's R&R.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The findings and recommendations in the Magistrate Judge's R&R dated May 24, 2019 are hereby **ACCEPTED** and **ADOPTED**. Specifically, the Commissioner's Motion for Summary Judgment is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**; and the action is **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 31, 2019

Raymond A. Jackson
United States District Judge